The Law Office of Olaf W. Hedberg
Olaf W. Hedberg, State Bar #151082
901 H St., Suite 301
Sacramento, California 95814
(916) 447-1192 office
ohedberg@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| THE UNITED STAES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>TERRY CHAFIN and<br>AHMAD WALEY KHAN,<br><br>    Defendants. | Case Number:  2:25-cr-00275-JAM<br><br>**FIRST STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>**DATE: 3/3/2026**<br>**TIME: 9:00 AM**<br>**DEPT: JAM** |

Defendants, Terry Chafin and Ahmad Khan, by and through their counsel of record, and

Plaintiff, by and through Plaintiff's counsel of record, hereby stipulate as follows:

1. This matter was initially set for a Status conference on 2/24/26. By Order of the Court, this matter was reset for status on March 3, 3036.

1

2. By this stipulation, defendant now moves to continue the status conference until **June 02, 2026, at 09:00 a.m.**, and to exclude time between January 24, 2026, and June 2, 2026, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has provided extensive discovery associated with this case includes 1711 pages of reports, criminal history documents, 76 audio/video recordings, and 334.

(b) All of this discovery has been to date produced directly to counsel;

c) Counsel for defendant desires additional time to review discovery for this matter, consult with his client, review the current charges, to conduct investigation and research related to the charges, and to otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 24, 2026 to June 2, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: April 5, 2024                         ERIC GRANT
                                             United States Attorney

                                             /s/ JUSTIN LEE
                                             JUSTIN LEE
                                             Assistant United States Attorney



                                             /s/ OLAF W. HEDBERG
                                             Olaf W. Hedberg
                                             Counsel for Defendant
                                             TERRY CHAFIN


                                             /s/ DOUGLAS BEEVERS
                                             Douglas Beevers
                                             Counsel for Defendant
                                             AHMED KHAN



**ORDER**


IT IS SO ORDERED.

Dated: February 18, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE